Shaw, C. J.
It appears to us that this action cannot be maintained, on either ground. The town having raised money, pursuant to law, for the support of schools within the town, had no authority to vote that a portion of it should be refunded to an individual, to be expended in another town or for any other purpose. It would disturb the harmony and simplicity of the public school system, and is not warranted by law. Perry v. Dover, 12 Pick. 206. The vote of the town, of March, 1845, authorizing the plaintiff “to draw his proportion of school money,” constituted no contract; it was at most, an authority to the treasurer, to pay him that sum, and being revoked, by the reconsideration, before it was acted on, it ceased to have any effect, as if it had never been passed.
But the other ground on which the plaintiff places his right to recover, is still less tenable. It appears that for some years the town of Harvard paid certain expenses of funerals and burials, which, it is maintained by the plaintiff, towns have no authority to incur and pay. The plaintiff brings his action against the town to recover his share of the money so paid; being, we suppose, such proportion as his town tax bears to the whole of the taxes of the town.
We are not prepared to say, that under some of the health laws, towns are not authorized to provide for such expenses.The powers given to a board of health, (and where not otherwise provided for, the selectmen of any town are made a board of health,) are large and general, to make regulations for the interment of the dead, and respecting burying grounds. Rev. Sts. c. 21, §§ 1, 7.
But assuming that it was wholly unauthorized, it would afford the plaintiff no cause of action. To assert the contrary would be to maintain that whenever the town, by its officers and agents or otherwise, shall allow and pay a bill which they are not authorized to pay, every tax-paying inhabitant, residen! or non-resident, may have an action against the town to recover his hundredth, or thousandth, or ten thousandth part of it. Without relying upon the intolerable inconvenience of *69 such a proceeding, there is no principle on which it can rest. The money was not his money; it belonged to the corporation. The claim is founded on no contract or promise, express or implied. It is substantially a claim for damages done to the plaintiff by the town or its officers, in diminishing a fund, in which he, as a tax-paying inhabitant, was indirectly interested. If he is aggrieved, it is a damage, which he suffers in common with all the inhabitants, and he must seek his redress in some other way, than by an action of assumpsit against the town. Judgment for the defendants.